B-00-123

United States District Court
Southern District of Texas
FILED

AUG 10 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
Southern District of Texas
At Brownsville

---

## Case No. 1-94CR-00052-001

---

JOSE ANGEL FUENTES-RIVERA,
(a.k.a.: SAMUEL RIVERAS-ROMERO)
Petitioner,
vs.
KATHLEEN HAWK SAWYER,
Director of the United States Bureau of Prisons,
Respondent,

---

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY

---

TO THE HONORABLE FILEMON B. VERA
UNITED STATES DISTRICT JUDGE

---

# MOTION TO VACATE SENTENCE AND TO SET ASIDE JUDGMENT PURSUANT TO 28 U.S.C. 2255

---

**William Edward May, Jr.**
Attorney at Law
Texas State Bar No. 13271600
Federal No. 9788
6000 S. Staples, Suite 100
Corpus Christi, TX 78413
Phone: (361) 994-0322
Fax: (361) 994-9285

ClibPDF - www.fastio.com

# MODEL FORM FOR MOTIONS UNDER 28 U.S.C. δ 2255

Name: JOSE ANGEL FUENTES-RIVERA,
(a.k.a.: SAMUEL RIVERAS-ROMERO)

Prisoner Number: 00529607

Place of Confinement: United States Bureau of Prisons

United States District Court: Southern District of Texas, at Brownsville, Texas

Case No. 1-94CR-00052-001

Style of Case: United States of America v.
Jose Angel Fuentes-Rivera, (a.k.a. Samuel Riveras-Romero)

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY

## MOTION

1. Name and location of court which entered the judgment of conviction under attack: U. S. District Court: Southern District of Texas, at Brownsville, Texas

2. Date of judgment of conviction: July 24, 1995

3. Length of sentence: 18 months, consecutive with Texas Case No. 690520

4. Nature of offense involved: Transporting a certain alien within the United States, Titles and Sections: 8 U.S.C. 1324(a)(1)(B) and 18 U.S.C. 2

5. What was your plea?

(a) Not guilty [ ]

(b) Guilty [ X ]

ClibPDF - www.fastio.com

(c) Nolo contendere: [ ]

6. Kind of trial:

(a) Jury [ ]

(b) Judge only [ X ]

7. Did you testify at trial?

Yes [ ] or No [ X ]

8. Did you appeal from the judgment of conviction?

Yes [ ] or No [ X ]

9. If you did appeal, answer the following:

(a) Name of court: N/A

(b) Result: N/A

(c) Date of result: N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court? Yes [ ] or No [ X ]

11. If your answer to 10 was yes, please give the following information: N/A

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

STATEMENT OF CLAIM ATTACHED AS MEMORANDUM OF LAW

ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT
Southern District of Texas
At Brownsville, Texas

---

**Case No. 1-94CR-00052-001**

---

JOSE ANGEL FUENTES-RIVERA,
(a.k.a.: SAMUEL RIVERAS-ROMERO),
Petitioner,
vs.
KATHLEEN HAWK SAWYER,
Director of the United States Bureau of Prisons,
Respondent,

---

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY

---

TO THE HONORABLE FILEMON B. VERA
UNITED STATES DISTRICT JUDGE

---

# MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO 28 U.S.C. 2255

---

**William Edward May, Jr.**
Attorney at Law
Texas State Bar No. 13271600
Federal No. 9788
6000 S. Staples, Suite 100
Corpus Christi, TX 78413
Phone: (361) 994-0322
Fax: (361) 994-9285

ClibPDF - www.fastio.com

## STATEMENT OF JURISDICTION

Federal custody; remedies on motion attacking sentence

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U. S. C. Sec. 2255.

ClibPDF - www.fastio.com

# STATEMENT OF THE ISSUE:

THE SINGLE ISSUE BEFORE THIS COURT FOR RESOLUTION IS WHETHERTHE PETITIONER WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DURING A HEARING ON A MOTION TO REVOKE SUPERVISED RELEASE. PETITIONER CLAIMS THAT TRIAL COUNSEL WAS CONSTITUTIONALLY DEFICIENT BY REASON OF NON-PRESENTATION OF A VIABLE DEFENSE; FAILURE TO INVESTIGATE, DEVELOP, OR PRESENT NECESSARY OBJECTIONS TO THE PRESENTENCE REPORT; AND BY FAILURE TO OBJECT DURING SENTENCING.

THE PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS GOVERNED BY THE FAMILIAR *STRICKLAND* STANDARD.

ClibPDF - www.fastio.com

Case 1:00-cv-00123 Document 1 Filed in TXSD on 08/10/2000 Page 7 of 31

## STATEMENT OF THE CASE

### A. PROCEEDINGS BELOW

Exhibits, "A" through "G," and the affidavit of the petitioner, Exhibit "H," attached hereto and incorporated herein by reference, establish that a sentencing hearing in a United States District Court occurred on July 18, 1995. The District Court, Southern District of Texas, at Brownsville, revoked the supervised release of the petitioner and sentenced him to 18 months in the United States Bureau of Prisons. The sentence was ordered to be served consecutively with a prison sentence imposed by the State of Texas, that is made reference to in the final federal judgment.

This Honorable Court has jurisdiction to hear the Petitioner's request for relief pursuant to 28 U. S. C. 2255. Petitioner is alleging a denial of his Sixth Amendment right to the effective assistance of counsel.

ClibPDF - www.fastio.com

Case 1:00-cv-00123 Document 1 Filed in TXSD on 08/10/2000 Page 8 of 31

## B. STATEMENT OF THE FACTS

Exhibits, "A" through "G," and the affidavit of the petitioner, Exhibit "H," are attached hereto and incorporated herein by reference:

*Exhibit "A"* - - A copy of the original judgment and sentence rendered on June 30, 1994.

*Exhibit "B"* - - A copy of the original petition to revoke supervision filed on February 27, 1995.

*Exhibit "C"* - - A copy of the original order appointing the Federal Public Defender filed on May 25, 1995.

*Exhibit "D"* - - A copy of the original "no objection" answer by Juan E. Gavito, of the public defender's office, to the pre-sentence report that was filed on July 12, 1995.

*Exhibit "E"* - - A copy of the original waiver of the petitioner's right to appeal that was executed by the petitioner and his counsel, Juan E. Gavito, filed on July 12, 1995.

*Exhibit "F"* - - A copy of the original district court minutes of a motion hearing, disposing of the Government's petition to revoke supervision was filed two times, on May 31 and July 18, 1995.

*Exhibit "G"* - - A copy of the judgment and sentence after revocation, wherein the petitioner was sentenced to 18 months in prison - <u>consecutive</u> and not concurrent with the State of Texas Case No. 690520 - filed on July 24, 1995.

*Exhibit "H"* - - The prison oath of the petitioner, in support of his petition, alleging: 1) that petitioner's counsel, during the revocation proceeding, never presented evidence or argued that the petitioner had been deported after his original [June 30, 1994] sentence and was therefore unable to report to probation officers, 2) that counsel never asked the district court to <u>not</u> run the petitioner's federal sentence consecutive to his Texas sentence, 3) that counsel did not advise the petitioner that he was <u>not</u> required to waive his right to appeal the consecutive nature of the prison

ClibPDF - www.fastio.com

sentence imposed by the district court, and 4) that counsel did not suggest or argue to the district court that it had the discretion to not make the said sentences consecutive.

ClibPDF - www.fastio.com

## SUMMARY OF THE ARGUMENT

JOSE ANGEL FUENTES-RIVERA, the petitioner, was deprived of his Sixth Amendment right to the effective assistance of counsel during his revocation hearing and sentencing.

Counsel was constitutionally deficient by reason of his lack of investigation, his lack of legal research, his failure to present a viable defense, his failure to present mitigating evidence, that was available for sentencing, and his failure to present the District Court with the applicable guidelines that are to be used by the District Courts in its deciding whether or not to make sentences consecutive.

Counsel thereby failed to counsel or prevent the judge from abusing the discretion granted to the court by federal statute. The petitioner's claim is governed by the familiar ***Strickland*** standard.

Judged by the ***Strickland*** standard, the petitioner has made a *prima facia* showing that he was denied his Sixth Amendment right to the effective assistance of counsel; and, he is therefore entitled to a hearing on this issue.

ClibPDF - www.fastio.com

Case 1:00-cv-00123 Document 1 Filed in TXSD on 08/10/2000 Page 11 of 31

## ARGUMENT AND AUTHORITIES

ISSUE RESTATED:

WHETHERTHE PETITIONER WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DURING A HEARING ON A MOTION TO REVOKE SUPERVISED RELEASE. PETITIONER CLAIMS THAT TRIAL COUNSEL WAS CONSTITUTIONALLY DEFICIENT BY REASON OF NON-PRESENTATION OF A VIABLE DEFENSE; FAILURE TO INVESTIGATE, DEVELOP, OR PRESENT VIABLE OBJECTIONS TO THE PRESENTENCE REPORT; AND FAILURE TO COUNSEL THE JUDGE AND ARGUE THE PETITIONER'S CASE DURING SENTENCING.

STANDARD OF REVIEW:

The Fifth Circuit Court of Appeals has established the burden that must be carried by a petitioner in order to be entitled to federal habeas corpus relief in the case of ***Moore v. Johnson***, 194 F.3d 586 (C.A. 5, 1999).

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the ***Sixth Amendment***. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Unless a defendant can make both showings it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable. ***Strickland v. Washington***, 104 S. Ct. 2052, 2064 (1984).

"Judicial scrutiny of counsel's performance must be highly deferential." ***Id.*** at

ClibPDF - www.fastio.com

Case 1:00-cv-00123 Document 1 Filed in TXSD on 08/10/2000 Page 12 of 31

2065. We therefore indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance. ***Id.*** at 2065-66. Such decisions are "virtually unchallengeable" and cannot be made the basis of relief on a ***Sixth Amendment*** claim absent a showing that the decision was unreasonable as a matter of law. See ***Id.*** at 2066; ***Loyd v. Whitley***, 977 F.2d 149, 157 (5th Cir. 1992); ***Wilson v. Butler***, 813 F.2d 664, 672 (5th Cir. 1987). Strategic choices made after less than complete investigation are reasonable only to the extent that reasonable professional judgments support the limitations on investigation. ***Strickland***, 104 S. Ct. at 2066; ***Whitley***, 977 F.2d at 157-58.

However, summary dismissal of a petition for federal habeas corpus relief shall not be appropriate unless the petition is patently frivolous or false, ***Pennsylvania ex Rel. Herman v. Claudy***, 350 U.S. 116 (1956); or vague, conclusory, or palpably incredible, ***Machibroda v. United State***, 368 U.S. 487 (1962).

ARGUMENT:

District court decisions as to the application of consecutive or concurrent sentences are reviewed for abuse of discretion. ***United States v. Brown***, 920 F.2d 1212, 1216-17 (5th Cir.), cert. denied, 500 U.S. 925, 1111 S. Ct. 2034, 114 L. Ed. 2d 119 (1991).

***Factors to be considered in imposing concurrent or consecutive terms.*** *The court, in determining whether the terms imposed are to be ordered to run*

ClibPDF - www.fastio.com

*concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in § 3553(a).*

*The factors set forth in § 3553(a) are as follows:*

*(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established for - (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to § 994(a)(1) of title 28 United States Code, and that are in effect on the date the defendant is sentenced...(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced; (6) the need to avoid unwarranted sentence discrepancies among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.* ***United States v. Richardson****, 87 F.3d 706 (5th Cir. 06/28/1996)*

Prior to the 1995 amendments, which became effective on November 1, 1995, § 5G1.3(a),(b),and (c)read as follows:

***§ 5G1.3.*** *Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment. (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment. (c) (Policy Statement) In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense. U.S.S.G. § 5G1.3 (1994).*

ClibPDF - www.fastio.com

In ***United States v. Candelario-Cajero***, 134 F.3d 1246 (5th Cir. 02/06/1998), this Fifth Circuit Court of Appeals set forth the remedy for a district court not setting forth its reasons for applying guidelines when it imposes consecutive sentences as follows:

> *Because the district court either misapplied the Guidelines or failed to explain that Defendant's sentence was based on an upward departure from the Guidelines, we vacate Defendant's sentence and REMAND this case for resentencing. If an upward departure is contemplated by the district court on remand, the court must provide reasonable notice specifying the grounds for departure. See Fed. R. Crim. P. 32; United States v. Burns, 501 U.S. 129, 138-39 (1991). Should departure ultimately factor into Defendant's sentence on remand, the district court is instructed to make a record of such determination and the reasons for it.*

In ***Moore v. Johnson***, 194 F.3d 586 (C.A. 5, 1999), the Fifth Circuit Court of Appeals found:

"...counsel's decision not to present any mitigating evidence was not motivated or justified by any strategic or tactical rationale. See ***Whitley***, 977 F.2d at 158-59 & 21-22; ***Profitt***, 831 F.2d at 1249; Lyons, 770 F.2d at 534-35 (***Strickland*** does not require deference when there is no conceivable strategic purpose that would explain counsel's conduct)."

In ***Cuyler v. Sullivan***, 446 U.S. 335 (1980), the Court stated, "...we see no basis for drawing a...distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers."

In the instant case, we have the prison oath of the petitioner, in support of his petition, alleging: 1) that petitioner's counsel, during the revocation proceeding,

ClibPDF - www.fastio.com

never argued or presented evidence to the trial court that the petitioner had been deported after his original [June 30, 1994] sentence and was therefore unable to report to probation officers, 2) that counsel never asked the district court to not make petitioner's federal sentence consecutive to his Texas sentence, 3) that counsel did not advise petitioner that he was not required to waive his right to appeal the consecutive nature of the prison sentence imposed by the district court, and 4) that counsel did not suggest or argue to the district court that it had the discretion to not make the said sentences consecutive.

Furthermore, the petitioner was not notified of the Government's intent to seek consecutive sentences as required by ***United States v. Candelario-Cajero***, 134 F.3d 1246 (5th Cir. 02/06/1998), cited above. The petitioner is entitled to a new revocation or sentencing hearing.

ClibPDF - www.fastio.com

## CONCLUSION

For the reasons set forth and discussed above, the petitioner submits that he was denied his Sixth Amendment right to the effective assistance of counsel, that he has established probable cause for this Honorable Court to believe his allegations, and that he is therefore entitled to an evidentiary hearing on the issue of the ineffective assistance of counsel that he now alleges.

The petitioner prays for a hearing on the issue of whether he was provided the effective assistance of counsel or was not. He also prays for whatever relief is deemed just, in these premises, to provide relief. The only effective relief would be a new trial.

Respectfully submitted,

**William Edward May, Jr.**

**William Edward May, Jr.**
Attorney at Law
Texas State Bar No. 13271600
Federal No. 9788
6000 S. Staples, Suite 100
Corpus Christi, TX 78413
Phone: (361) 994-0322
Fax: (361) 994-9285

ClibPDF - www.fastio.com

# CERTIFICATE OF SERVICE

I, **William Edward May, Jr.**, Attorney at Law, certify that on this date I served a copy of the foregoing document by sending it to:

Hon. John G. Crews, Assistant
United States Attorney
Southern District of Texas, at Brownsville,
PO Box 1671 and
U. S. Federal Courthouse
Brownsville, Texas 78522

by mailing it from a United States Post Office, with postage fully prepaid on this the 2 day of August, 2000.

William Edward May, Jr.

**William Edward May, Jr.**
Attorney at Law
Texas State Bar No. 13271600
Federal No. 9788
6000 S. Staples, Suite 100
Corpus Christi, TX 78413
Phone: (361) 994-0322
Fax: (361) 994-9285

ClibPDF - www.fastio.com

AO 245 B (Rev. 5/93) Sheet 1 - Judgment ·iminal Case

# UNI .D STATES DISTRICT OURT

Southern District of Texas
**BROWNSVILLE DIVISION**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

JUN 30 1994

MICHAEL N. MILBY, CLERK

UNITED STATES OF AMERICA

v.

**JOSE ANGEL FUENTES-RIVERA**
**(aka: SAMUEL RIVERAS-ROMERO)**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: 1:94CR00052-001

**Juan Gavito**
Defendant's Attorney

United States District Court
Southern District of Texas
ENTERED

JUL 1 8 1994

Michael N. Milby, Clerk
By Deputy: [signature]

THE DEFENDANT:

[X] pleaded guilty to count(s) **2 on April 6, 1994**
[ ] pleaded nolo contendere to count(s) ______ which (was) (were) accepted by the court.
[ ] was found guilty on count(s) ______ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 8 U.S.C. 1324(a)(1)(B) and 18 U.S.C. 2 | Transporting a certain alien within the United States. | 03/03/94 | 2 |

EX "A"

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ______
[X] Count(s) 1, 3 and 4 are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **None**

Defendant's Date of Birth: **01/10/63**

Defendant's USM No.: **65265-079**

Defendant's Mailing Address:
**Calle Alaquines, #95**
**Cardenas, San Luis Potosi, Mexico**

Defendant's Residence Address:
**Calle Alaquines, #95**
**Cardenas, San Luis Potosi, Mexico**

**June 22, 1994**
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

**HONORABLE FILEMON B. VELA**
**UNITED STATES DISTRICT JUDGE**
Name & Title of Judicial Officer

06/30/94
Date

(LWM/grl)

DEFENDANT: JOSE ANGEL FUENTES-RIVERA
CASE NUMBER: 1:94CR00052-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred ten (110) days.

[ ] The court makes the following recommendations to the Bureau of Prisons:

[X] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.

- [ ] at ___________ a.m./p.m. on ___________________.
- [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

- [ ] before 2 p.m. on _______________.
- [ ] as notified by the United States Marshal.
- [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

**I have executed this judgment as follows:**

_______________________________________________

_______________________________________________

_______________________________________________

Defendant delivered on ____________________ to ____________________ at ____________________, with a certified copy of this judgment.

_______________________________
UNITED STATES MARSHAL

By_______________________________
Deputy Marshal

ClibPDF - www.fastio.com

DEFENDANT: JOSE ANGEL FUENTES-RIVERA
CASE NUMBER: 1:94CR00052-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of thirty-six (36) months.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.

While on supervised release, the defendant shall not possess a firearm or destructive device.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the following additional conditions:

If deported, the defendant is not to re-enter the United States illegally. If the defendant is deported during the period of probation or the supervised release term, supervision by the probation office becomes inactive. If the defendant returns, the defendant shall report to the nearest U. S. Probation Office immediately. Supervision by the probation office reactivates automatically upon the defendant's reporting.

The defendant is hereby placed on notice that the court is quite concerned there has been an alarming increase of Driving While Intoxicated and illicit drug violations by persons sentenced by this court to probation or supervised release. Such violations are criminal offenses which would cause mandatory revocation of Probation/Supervised Release and subject to consequences thereof.

ClibPDF - www.fastio.com

DEFENDANT: JOSE ANGEL FUENTES-RIVERA
CASE NUMBER: 1:94CR00052-001

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

ClibPDF - www.fastio.com

DEFENDANT: JOSE ANGEL FUENTES-RIVERA
CASE NUMBER: 1:94CR00052-001

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 2 | $50.00 | $0.00 | $0.00 |
| Totals: | $50.00 | $0.00 | $0.00 |

## FINE

No fines have been imposed in this case.

## RESTITUTION

Restitution has not been ordered in this case.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

[X] in full immediately.
[ ] in full not later than ______________.
[ ] in ____________ installments of $______________ over a period of ________ months to commence 30 days after the date of this judgment. If this judgment imposes a period of incarceration, payment shall be due during the period of incarceration.
[ ] in installments to commence 30 days after the date of this judgment. If this judgment imposes a period of incarceration, payment shall be due during the period of incarceration. During a period of probation or supervised release supervision, payment of any unpaid balance shall be a condition of supervision and the U.S. probation officer shall establish and may periodically modify the payment schedule, provided that the entire financial penalty is paid no later than the termination of supervision but in no event later than 5 years after release from incarceration.
[ ] The defendant shall pay the costs of prosecution.
[ ] The defendant shall forfeit the defendant's interest in the following property to the United States.

All financial penalty payments are to be made to the Clerk of Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

ClibPDF - www.fastio.com

DEFENDANT: JOSE ANGEL FUENTES-RIVERA
CASE NUMBER: 1:94CR00052-001

**STATEMENT OF REASONS**

[X] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary).

**Guideline Range Determined by the Court:**

Total Offense Level: 6

Criminal History Category: I

Imprisonment Range: 0 to 6 months

Supervised Release Range: 2 to 3 years

Fine Range: $ 500.00 to $ 5,000.00

[X] Fine waived or below the guideline range because of inability to pay.

Restitution: $ 0.00

[ ] Full restitution is not ordered for the following reason(s):

[X] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

[ ] The sentence departs from the guideline range.

[ ] upon motion of the government, as a result of defendant's substantial assistance.

[ ] for the following reason(s):

ClibPDF - www.fastio.com

PROB 12 (Rev. 3/88) United States District Court Southern District of Texas ENTERED
(BEG/cb)

... 1 5 1995

Michael N. Milby, Clerk
By Deputy: O. N. Aldape

/3

United States District Court Southern District of Texas FILED

FEB 27 1995

Michael N. Milby Clerk of Court

**UNITED STATES DISTRICT COURT**

**for**

**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

U.S.A. vs. JOSE ANGEL FUENTES-RIVERA Docket No. B-94-00052-01
(AKA: SAMUEL RIVERAS-ROMERO)
Address: 13142 Vista Oro Drive, Houston, Texas 77041

**Petition on Probation and Supervised Release**

COMES NOW BERTHA E. GARCIA PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Jose Angel Fuentes-Rivera, (aka: Samuel Riveras-Romero), who was placed on supervision by the Honorable Filemon B. Vela, U. S. District Judge, sitting in the court at Brownsville, Texas, on the 22nd day of June, 1994, who fixed the period of supervision at three (3) years Supervised Release, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1) If deported, the defendant is not to re-enter the United States illegally.

**ORIGINAL SENTENCE:** 06/22/94 - One hundred ten (110) days custody of the U. S. Bureau of Prisons, followed by a three (3) year Term of Supervised Release.

**PREVIOUS COURT ACTION:** None.

Ex "B"

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
(If short insert here; if lengthy write on separate sheet and attach)

The Probation Office alleges violation of Conditions of Supervision, as follows:

Standard Condition No. 2: "You shall report to the Probation Officer as directed by the Court or the Probation Officer, and shall submit a truthful and complete written report within the first five (5) days of each month."

Details: Mr. Fuentes-Rivera violated Standard Condition No. 3 by failing to report to Probation Officer Bertha E. Garcia as directed, for the months of July, 1994, through February, 1995. Several attempts have been made to locate this individual, but have been to no avail.

According to Ms. Rosa Zervantes Mesoma, living at 13142 Vista Oro Drive, Houston, Texas, her aunt previously dated a man by the name of Angel Fuentes, possibly the offender in this cause, who now resides in Mexico.



17

JUN 2

O.H. Aldape

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

5-25-95

Michael N. Milby, Clerk of Court

UNITED STATES OF AMERICA *

VS * Case No. B-94-052-01 (B-95-559M)

JOSE ANGEL FUENTES-RIVERA
AKA SAMUEL RIVERAS-ROMERO *

ORDER APPOINTING COUNSEL

Because the above-named defendant has testified under oath or has otherwise satisfied this Court that he or she (1) is financially unable to employ counsel, and (2) does not wish to waive counsel, and because the interests of justice so require, the Federal Public Defender is hereby appointed to represent this person in the above-designated case.

If appointment is made by a Magistrate and the case subsequently proceeds to United States District Court, the appointment shall remain in effect until terminated or a substitute attorney is appointed.

DONE at Brownsville, Texas, on May 25, 1995.

Fidencio G. Garza, Jr.
Fidencio G. Garza, Jr.
United States Magistrate Judge

cc: U.S. Attorney
Public Defender

Ex "C"

ClibPDF - www.fastio.com

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JUL 12 1995
Michael N. Milby
Clerk of Court

20

UNITED STATES OF AMERICA

VS. CRIMINAL NO. B-94-0052-01

JOSE ANGEL FUENTES-RIVERA

The presentence report in this case having been made available Defendant hereby files the following objections to the presentence officer and a copy to the District Clerk within 10 days ( if no objections, so indicate):

NO OBJECTIONS

Ex "D"

7-11-95
DATE

DEFENDANT - JOSE ANGEL FUENTES-RIVERA

DEFENSE COUNSEL - JUAN E. GAVITO

ClibPDF - www.fastio.com



22

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 18 1995

Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA §

VS § CRIMINAL NO. B-94-0052-01

JOSE ANGEL FUENTES-RIVERA §

I, the undersigned defendant in this cause, hereby declare that my attorney has advised me of my right to appeal all matters relating to the sentencing in this case at no cost to me. I wish to inform the Court that I do not wish to appeal my sentence.

Defendant - JOSE ANGEL FUENTES-RIVERA

Attorney - JUAN E. GAVITO

DATE: 7-11-95

Ex "E"

ClibPDF - www.fastio.com

**COURTROOM MINUTES - REVOCATION OF ~~PROBATION~~/SUPERVISED RELEASE**

18

HONORABLE Filemon B. Vela PRESIDING

DEPUTY CLERK Ed Leandro

COURT REPORTER Bill Holloway

U.S.P.O. B. E. Garcia LAW CLERK E. Reed

DEPUTY U.S. MARSHAL Joe Mendoza

INTERPRETER Fred Kowalski

DATE May 31, 1995 OPEN 8:30 AM

United States District Court
Southern District of Texas
FILED

MAY 31 1995

Michael N. Milby
Clerk of Court

******************************************************************

CR. B-94-52 DEFT 01

UNITED STATES OF AMERICA § John G. Crews AUSA
§
VS §
§
Jose Angel Fuentes-Rivera §
AKA: Samuel Riveras-Romero Juan E. Gavito

******************************************************************

**REVOCATION OF ~~PROBATION~~/SRT**

(✓) Revocation hearing held.

( ) Final revocation hearing continued to ______

( ) Court finds deft. has not violated Probation/SRT.

(✓) Court finds deft. has violated terms of ~~Probation~~/SRT.

(✓) ~~Probation~~/SRT revoked.

( ) Probation/SRT reinstated.

( ) Probation modified.

EX "F"

( ) Sentence ______

______

(✓) PSI update ordered.

(✓) Sentencing set for July 18, 1995 at 8:30 AM

(✓) Remanded to custody of U.S. Marshal

( ) Deft. to surrender to U.S. Marshal on ______

( ) Deft. to surrender voluntarily to designated institution.

( ) Deft. released from custody.

( ) Bond continued

ClibPDF - www.fastio.com

**COURTROOM MINU' · SENTENCING**

21

United States District Court
Southern District of Texas
FILED

JUL 18 1995

Michael N. Milby
Clerk of Court

**HONORABLE** Filemon B. Vela **PRESIDING**

**DEPUTY CLERK** Ed Leandro

**COURT REPORTER** Carl Clayton

**U.S.P.O.** R. Quintana **LAW CLERK** S. Lyons

**P.S.A.** Jose Luis Gonzalez

**DEPUTY U.S. MARSHAL** Sylvia Rodriguez

**INTERPRETER** ~~Fro~~ Derrik Sully

**DATE** July 18, 1995 **OPEN** 8:30 A.M.

************************************************************

**CR.** B-94-52 **DEFT** 01

**UNITED STATES OF AMERICA** § John G. Crews **AUSA**
§
**VS** §
§
Jose Angel Fuentes-Rivera § Juan E. Garito
AKA: Samuel Riveras-Romero

************************* **SENTENCING** ***************************

(XX) **Sentencing held.**

( ) **Sentencing continued to** ____________

( ) **Court withdraws plea of guilty.**

(XX) **Sentence** CBOP 18 months to run consecutively to State Court sentence.

( ) **Special Assessment**____________**Fine**____________

( ) **Counts**____________**dismissed on Govt's motion.**

(XX) **Remanded to custody of U.S. Marshal**

( ) **Deft. to surrender to U.S. Marshal on** ____________

( ) **Deft. to surrender voluntarily to designated institution.**

( ) **Deft. continued on bond.**

( ) **Notice of Appeal filed.**

(XX) **Waiver of Appeal filed.**

( ) **Bond continued**

ClibPDF - www.fastio.com

BEG/em
AO 245 Judgment in a Criminal Case

23

# UNITED STATES DISTRICT COURT

United States District Court
Southern District of Texas
FILED
JUL 24 1995
Michael N. Milby
Clerk of Court

Southern DISTRICT OF Texas
**Brownsville Division**
COURT SITTING IN MCALLEN

**UNITED STATES OF AMERICA**

**V.**

**JOSE ANGEL FUENTES-RIVERA**
(AKA: SAMUEL RIVERAS-ROMERO)
13142 Vista Oro Drive
Houston, Texas 77041

**JUDGMENT IN A CRIMINAL CASE**

Case Number: B-94-00052-01

O.H. Alday
Juan Gavito, A.F.P.D.
Attorney for Defendant

**THE DEFENDANT ENTERED A PLEA OF:**

( [ X ] GUILTY on May 31, 1995, to violation of his Conditions of Supervised Release imposed June 22, 1994.

THERE WAS A:
( [ X ] finding of guilty on May 31, 1995, to violation of the Standard Condition and Condition No. 2 of Supervised Released imposed on June 22, 1994.

THERE WAS A:

( [ ] finding [ ] verdict) of not guilty as to count(s) ______
[ ] judgment of acquittal as to count(s) ______
The defendant is acquitted and discharged as to this/these count(s).

**THE DEFENDANT IS CONVICTED OF THE OFFENSE OF:** Transporting a Certain Alien within the United States in violation of 8 U.S.C. § 1324(a)(1)(B) and 18 U.S.C. § 2.

The Court found the defendant violated the Standard Condition in that he was convicted for the offense of Aggravated Assault on May 4, 1995, and Condition No. 2, indicating that he failed to report to the United States Probation Office since July, 1994.

**IT IS THE JUDGMENT OF THIS COURT THAT:** the defendant is hereby remanded to the custody of the United States Bureau of Prisons for a period of eighteen (18) months. The sentence is to run consecutively to State sentence imposed in Case No. 690520.

EX"G"

In addition to any conditions of probation imposed above, **IT IS ORDERED** that the conditions of probation set out on the reverse of this judgment are imposed.

ClibPDF - www.fastio.com

**OATH OF INMATE IN A PENAL INSTITUTION**

**EXHIBIT "H"**

I, JOSE ANGEL FUENTES-RIVERA (a. k. a.: SAMUEL RIVERAS-ROMERO), Prison Identification No. 46568-079, being presently incarcerated in FDC Houston a U. S. Bureau of Prison unit in Harris County, Texas, declare under penalty of perjury that the following statement, by me, is true and correct. Executed on the 18 day of July, 2000. Jose Angel Fuentes Rivira

1) that petitioner's counsel, during the revocation proceeding, never argued or presented evidence to the trial court that the petitioner had been deported after his original [June 30, 1994] sentence and was therefore unable to report to probation officers,
2) that counsel never asked the district court to not make petitioner's federal sentence consecutive to his Texas sentence,
3) that counsel did not advise petitioner that he was not required to waive his right to appeal the consecutive nature of the prison sentence imposed by the district court, and
4) that counsel did not suggest or argue to the district court that it had the discretion to not make the said sentences consecutive.

Jose Angel Fuentes Rivira
Prisoner
JOSE ANGEL FUENTES-RIVERA
(a. k. a.: SAMUEL RIVERAS-ROMERO)

Prepared by Attorney:
**William Edward May, Jr.**
Texas State Bar No. 13271600
Federal No. 9788
6000 S. Staples, Suite 100
Corpus Christi, TX 78413
Phone: (361) 994-0322
Fax: (361) 994-9285

ClibPDF - www.fastio.com