UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 2 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| VS. | § Criminal No. B-94-52 |
| JOSE ANGEL FUENTES-RIVERA (CA No. B-00-123) | § |

GOVERNMENT'S ANSWER TO MOVANT'S MOTION
FOR RELIEF UNDER 28 U.S.C. § 2255

Jose Angel Fuentes-Rivera ("movant") has filed a motion for relief under 28 U.S.C. § 2255 in which he claims that he was denied the effective assistance of counsel during his revocation proceeding. This answer is filed in response to that motion.

I. Jurisdiction

The district court has jurisdiction over the parties and the subject matter under § 2255.

II. Background

On March 29, 1994, movant was indicted in Brownsville on charges of unlawfully transporting an alien, in violation of 8 U.S.C. § 1324(a). On April 6, 1994, movant pleaded guilty to that offense and was sentenced on June 21, 1994 to 110 days in the custody of the Bureau of Prisons and a three-year term of supervised release. Judgment was entered on July 18, 1994, and movant did not appeal his sentence.

On March 15, 1995, the probation officer instituted revocation proceedings based on movant's failure to report to the probation office as directed. Ultimately, movant's term of supervised

release was revoked and, on July 18, 1995, he was sentenced to 18 months in the custody of the Bureau of Prisons to run consecutively with a two-year sentence in state court for a weapons violation. Judgment was entered on July 26, 1995. Movant did not appeal from this action. On August 10, 2000, movant filed his § 2255 motion.

### III.  Timeliness

Section 2244(d)(1), Title 28, United States Code requires that motions under § 2255 be filed within one year of the judgment becoming final or the expiration of the time for appeal. Since movant's conviction became final before the effective date of The Antiterrorism and Effective Death Penalty Act ("act")(April 24, 1996), he was required to file his petition by April 24, 1997. *United States v. Flores,* 135 F.3d 1000, 1004-05 (5th Cir. 1998), cert. denied, 525 U.S. 1091, 119 S.Ct. 846 (1999). Because he failed to filed his petition within the one-year limitations period,[1] his untimely motion should be dismissed as time-barred.

The Fifth Circuit has recognized that, "in 'rare and exceptional circumstances,'" the doctrine of "equitable tolling" may preserve a claim if a strict application of the limitations period would be "inequitable." *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000). The Fifth Circuit has declined to find "exceptional circumstances" in the following cases: *Fisher v. Johnson,* 174 F.3d 710 (5th Cir. 1999) (petitioner not informed of

---

[1]  Indeed, movant is over 5 years late.

-2-

act's statute of limitation 43 days after deadline and after spending 17 days in custody for psychiatric evaluation; *Coleman v. Johnson,* 184 F.3d 398 (5th Cir. 1999), *cert. denied,* __ U.S. __, 120 S.Ct. 1564 (2000) (7 weeks period between date petitioner filed state habeas petition and date petition was stamped as filed); *Felder v. Johnson,* 204 F.3d 168 (5th Cir. 2000) (incarceration before act, *pro se* status, innocent of offense, and poor prison library).

In this case, movant has waited over 5 years to file his petition without any explanation for missing the deadline. Moreover, movant is not acting in a *pro se* status. Nothing in the record suggests "exceptional circumstances." Movant's motion is time-barred and should be dismissed.

                              Respectfully submitted,

                              MERVYN M. MOSBACKER
                              United States Attorney

By: JAMES L. POWERS
Assistant U.S. Attorney
Texas Bar No. 16217000
910 Travis, Suite 1500
P. O. Box 61129
Houston, TX 77208
(713) 567-9102

## Certificate of Service

I hereby certify that a copy of the foregoing answer was mailed on this 31st day of October, 2000 to:

William E. May, Jr.
Suite 100
6000 S. Staples
Corpus Christi, TX 78413

JAMES L. POWERS
Assistant U.S. Attorney